# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:08cv16

| | |
|---|---|
| DUSTIN DILLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| SGT. JOHN FOX, Individually and as ) | |
| Deputy of the Jackson County Sheriff's ) | |
| Office; and JAMES M. ASHE, ) | |
| Individually and as Sheriff of Jackson ) | |
| County, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court upon defendants' "Partial Motion to Dismiss" (#9). Having carefully considered defendants' motion for partial dismissal and reviewed the pleadings, the court enters the following findings, conclusions, and Recommendation.

## FINDINGS AND CONCLUSIONS

### I. Background

Relevant to the instant motion, plaintiff contends that defendant James M. Ashe, both individually and in his official capacity of Sheriff of Jackson County, North Carolina, is liable for alleged excessive force employed by his deputies in

-1-

violation of 42, United States Code, Section 1983. Complaint, ¶¶ 9-12 & 20-22. Plaintiff states in his Complaint that the sheriff is liable based upon the doctrine of *respondeat superior*. Id., at ¶ 23. In addition to compensatory damages, plaintiff seeks punitive damages against both defendants.

Defendants have moved to dismiss the individual capacity claims against defendant James M. Ashe, arguing that no claim can be stated against a sheriff in his individual capacity in such circumstances. Defendants have also moved to dismiss the punitive damage claim against both defendants in their official capacities. Defendants also argue that the claim for punitive damages against Sheriff Ashe in his personal capacity should also be dismissed because plaintiff has failed to state a claim on which compensatory damages may be awarded.[1] Defendants' brief is problematic in that it is unclear whether defendants are seeking dismissal of the state and federal claims asserted against Sheriff Ashe, or whether the argument is limited to just the federal tort. Defendants argue, as follows:

> Plaintiff has alleged no facts that Sheriff Ashe, individually, did anything that violated Plaintiff's rights.... Plaintiff's Complaint contains no allegations that Sheriff Ashe acted in any way that was personally motivated, corrupt, malicious or outside the scope of Sheriff Ashe's official duties, thus as a matter of law all claims against Sheriff Ashe,

---

[1] The motion to dismiss the demand for punitive damages as to Sheriff Ashe in his individual capacity rises or falls on the issue of whether plaintiff has stated a claim under Section 1983 against Sheriff Ashe in his personal capacity.

individually, should be DISMISSED with prejudice. Plaintiff's Brief, at 4. No where in such Rule 12(b)(6) argument do defendants mention the word "assault." While defendants appear to rely exclusively on state law to support their argument that the federal claim should be dismissed against Sheriff Ashe individually, no argument is made as to why the sheriff, as Deputy Fox's employer, cannot be held liable for the common law torts of assault and battery.

In response, plaintiff has conceded the issue as to official capacity punitive damages, but appears to argue that both his claim and his demand for punitive damages against Sheriff Ashe in his individual capacity is viable. It is plaintiff's contention that the doctrine of *respondeat superior* is applicable to the sheriff inasmuch as plaintiff has alleged that the sheriff either knew or should have known of Defendant Fox's alleged history and propensity for employing excessive force. Id., at ¶ 17. Despite plaintiff's argument being based on a fundamental misunderstanding of the application or lack of application of the doctrine of *respondeat superior* to Section 1983 actions, plaintiff has stated a cause of action against Sheriff Ashe in his individual capacity under prevailing case law not cited by any party as discussed below.

**II.     Standard of Review: Rule 12(b)(6) Standard**

Where a defendant contends that a plaintiff has failed to state a cognizable

claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a claim is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiffs' complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001). However, the Court recently held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955 (2007). Under Twombley, to survive Rule 12(b)(6) scrutiny, the claims must at a minimum be "plausible." Id.

-4-

While the court accepts plausible factual allegations in the Complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendants' motion, the court has accepted as true the facts alleged by plaintiff in the complaint and has viewed them in a light most favorable to plaintiff.

## III. Discussion

The issue before this court is straightforward: whether plaintiff can state a Section 1983 personal capacity claim against a sheriff by alleging that the sheriff either knew or should have known of his deputy's employment history and propensity

for use of excessive force. Thus, there are two questions: when may a sheriff be sued in his individual capacity and when is a sheriff liable for the acts of a deputy.

Supported only by citations to state appellate decisions, defendants argue that the claims against Sheriff Ashe in his individual capacity must be dismissed because the

> Complaint contains no allegations that Sheriff Ashe acted in any way that was personally motivated, corrupt, malicious or outside the scope of Sheriff Ashe's official duties, thus, as a matter of law all claims against Sheriff Ashe, individually, should be DISMISSED with prejudice.

Defendants' Brief in Support, at 4.[2] As plaintiff correctly points out, determination of whether a sheriff may be sued in his personal capacity under Section 1983 is a matter of federal law. Plaintiff's Brief in Opposition, at 3.[3] In moving to dismiss, Defendant Ashe has not asserted that he is entitled to dismissal based on qualified immunity.

Determination of whether a sheriff can be sued in his personal capacity under Section 1983 is guided by the decision of the Supreme Court in <u>Hafer v. Melo</u>, 502 U.S. 21 (1991), where the Court defined the difference between official and individual capacity suits:

---

[2] Defendants' brief lacks pagination. <u>See</u> L.Cv.R. 7.1(D).

[3] Plaintiff's brief lacks pagination. <u>See</u> L.Cv.R. 7.1(D)

> In *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985), the Court sought to eliminate lingering confusion about the distinction between personal- and official-capacity suits. We emphasized that official-capacity suits " 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' " *Id.*, at 165, 105 S.Ct., at 3104 (*quoting Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, *n.* 55, 98 S.Ct. 2018, 2035, *n.* 55, 56 L.Ed.2d 611 (1978)). Suits against state officials in their official capacity therefore should be treated as suits against the State. 473 U.S., at 166, 105 S.Ct., at 3105. Indeed, when officials sued in this capacity in federal court die or leave office, their successors automatically assume their roles in the litigation. *See* Fed.Rule Civ.Proc. 25(d)(1); Fed.Rule App.Proc. 43(c)(1); this Court's Rule 35.3. Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, "the entity's 'policy or custom' must have played a part in the violation of federal law." *Graham*, supra, at 166, 105 S.Ct., at 3105 (quoting Monell, supra, 436 U.S., at 694, 98 S.Ct., at 2037). For the same reason, the only immunities available to the defendant in an official-capacity action are those that the governmental entity possesses. 473 U.S., at 167, 105 S.Ct., at 3105.
>
> Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of state law. Thus, "[o]n the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Id.*, at 166, 105 S.Ct., at 3105. While the plaintiff in a personal-capacity suit need not establish a connection to governmental "policy or custom," officials sued in their personal capacities, unlike those sued in their official capacities, may assert personal immunity defenses such as objectively reasonable reliance on existing law. *Id.*, at 166-167, 105 S.Ct., at 3105-3106.

Id., at 25. Thus, to assert a personal capacity claim against Sheriff Ashe, plaintiff must allege that Sheriff Ashe, acting under color of state law, caused the deprivation of one of plaintiff's federal rights.

The court will now consider whether plaintiff has alleged that Sheriff Ashe deprived him of a federally protected right. To begin with, a sheriff may not be held vicariously liable under Section 1983 for the alleged constitutional wrongful acts of a deputy when the sheriff was neither present, nor personally, directly involved in the wrongful acts. Vinnedge v. Gibbs, 550 F.2d 926, 928-29 (4th Cir. 1977). Review of the amended complaint reveals no allegation that the sheriff was present at the time of the incident or was in any way involved in the alleged coverup that took place after the fact. Instead, it appears from the amended complaint to be plaintiff's contention that Sheriff Ashe was deliberately indifferent to a Fourteenth Amendment right to be free from excessive force when Sheriff Ashe hired a deputy who had a record of using excessive force.[4] Plaintiff makes the following allegations of fact:

> 16. Upon information and belief, Defendant Fox has been disciplined while an employee of other law enforcement agencies in the state for similar acts of brutality.
>
> 17. Defendant Ashe knew, or should have known, of Defendant Fox's employment history and propensity for using excessive force in effectuating arrests.

Complaint, at ¶¶ 17-18.[5]

---

[4] In the amended complaint, the plaintiff has alleged excessive force was used in his arrest in violation of the Fourteenth Amendment. If excessive force was used in the arrest, those acts would be in violation of the Fourth Amendment. Graham v. Conner, 490 U.S. 386 (1989).

[5] The court notes that throughout the body of the Amended Complaint the deputy is identified as "FOXX," while in the caption of Amended Complaint, he is referred to as "FOX."

It is well settled that an official may be liable for acts of subordinates if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as result of deliberate indifference or tacit authorization. Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984), *cert. denied*, 470 U.S. 1035 (1985). An affirmative causal link must, however, exist between the supervisory inaction and the harm plaintiff suffered. Id., at 376. Drawing all reasonable inferences from the Complaint, plaintiff appears to allege that the "causal link" between the alleged unconstitutional assault and the sheriff occurred when the sheriff hired a deputy with an alleged track record for excessive force.

Whether such contentions rise to the level of causation of deprivation of a federally protected right was directly addressed by the United States Supreme Court in Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397 (1997).[6] In Brown, the Supreme Court held that:

> a finding of culpability simply cannot depend on the mere probability that any officer inadequately screened will inflict any constitutional injury. Rather, it must depend on a finding that this officer was highly likely to inflict the particular injury suffered by the plaintiff. The connection between the background of the particular applicant and the specific constitutional violation alleged must be strong.

---

In the original Complaint, he is identified as "FOXX" throughout. The court has taken the liberty of correcting the error in its quotation of the cited material.

[6] Neither plaintiff nor defendants cited the court to this decision.

Id., at 412. The Court went on to hold that:

> Cases involving constitutional injuries allegedly traceable to an ill-considered hiring decision pose the greatest risk that a municipality will be held liable for an injury that it did not cause. In the broadest sense, every injury is traceable to a hiring decision. Where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability. As we recognized in *Monell* and have repeatedly reaffirmed, Congress did not intend municipalities to be held liable unless deliberate action attributable to the municipality directly caused a deprivation of federal rights. A failure to apply stringent culpability and causation requirements raises serious federalism concerns, in that it risks constitutionalizing particular hiring requirements that States have themselves elected not to impose. *Cf. Canton v. Harris*, 489 U.S., at 392, 109 S.Ct., at 1206. Bryan County is not liable for Sheriff Moore's isolated decision to hire Burns without adequate screening, because respondent has not demonstrated that his decision reflected a conscious disregard for a high risk that Burns would use excessive force in violation of respondent's federally protected right.

Id., at 415-416. Thus, it would appear that the Supreme Court has recognized that a cause of action exists under Section 1983 where a plaintiff alleges that a sheriff was deliberately indifferent to his Fourth Amendment right to be free from excessive force when he hired a deputy who had a record of using excessive force. In this case, the plaintiff, in his amended complaint, has alleged a violation of the Fourteenth Amendment.

Being able to *state* a cause of action and ultimately being able to *prove* that cause are two separate issues. As to plaintiff's burden of *proof,* the court held that

it:

> is not sufficient for respondent to show that Sheriff Moore read Burns' record and therefore hired Burns with knowledge of his background. Such a decision may reflect indifference to Burns' record, but what is required is deliberate indifference to a plaintiff's constitutional right. That is, whether Sheriff Moore failed to examine Burns' record, partially examined it, or fully examined it, Sheriff Moore's hiring decision could not have been "deliberately indifferent" unless in light of that record Burns' use of excessive force would have been a plainly obvious consequence of the hiring decision.

Id., at 414-415. In the context of an alleged violation of Section 1983 premised upon a school board's decision to retain a track coach, who had previously made questionable videotapes of female students, the Court of Appeals for the Fourth Circuit explained the application of Bryan County, as follows:

> to impose section 1983 liability . . . a claimant must first show that "a ... decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." *Id.* at 411, 117 S.Ct. 1382. If a section 1983 claimant can demonstrate the requisite degree of culpability, she must then show "a direct causal link between the municipal action and the deprivation of federal rights." *Id.* at 404, 117 S.Ct. 1382.

Riddick v. School Bd. of City of Portsmouth, 238 F.3d 518, 524 (4th Cir. 2000).[7] For purposes of the Rule 12(b)(6) discussion, what is important to note is that Bryan County, Riddick, as well as a number of cases cited therein ,were all decided either at trial or at the summary judgment stage. This makes it clear to the undersigned that

---

[7] This case was also not cited by any party.

it would be inappropriate to dismiss plaintiff's claim on the pleadings inasmuch as plaintiff has stated a claim against Sheriff Ashe in his personal capacity; whether in light of Defendant Fox's record his alleged use of excessive force would have been a plainly obvious consequence of the hiring decision is a matter not yet ripe for decision.

Plaintiff is, however, most mistaken in his "allegations of law" that "Defendant Ashe is liable to Plaintiff for the attack described above pursuant to the above referenced Federal and State Statute doctrine of *respondeat superior*." Complaint, at ¶ 23. There simply is no liability under Section 1983 under the theory of respondeat superior. Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978). [8] Instead, liability of a sheriff in his official capacity is based on a policy or custom, id., and liability in his individual capacity is based on actions the sheriff either took or did not take that, in themselves, lead to a deprivation of a federal right. Hafer, at 25. The appellate court in Riddick explained the reason why respondeat superior has no application in Section 1983 actions:

> Because section 1983 was not designed to impose municipal liability under the doctrine of *respondeat superior*, the "official policy" requirement was "intended to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that

---

[8] This case–which is the seminal case on Section 1983 employer liability– was also not cited by any party.

municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986).

Id., at 523.

Thus, to the extent plaintiff has attempted to assert a Section 1983 claim against Sheriff Ashe liable under a theory of *respondeat superior* the undersigned believes such allegations should be stricken as impertinent. Fed.R.Civ.P. 12(f)(1). Plaintiff has, however, stated a cognizable claim under Section 1983 against Sheriff Ashe in his individual capacity. In accordance with Bryan County, where a plaintiff alleges that a deputy's use of excessive force was a plainly obvious consequence of the sheriff's hiring decision in light of the deputy's alleged record of excessive force, he states a claim against the sheriff in his personal capacity. Bryan County, supra. Reading the Amended Complaint in a light most favorable to plaintiff, the undersigned finds that plaintiff's allegations in paragraphs 16 and 17 of his Amended Complaint satisfies the minimal pleading standards of Rule 8(a), Federal Rules of Civil Procedure.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendants' Partial Motion to Dismiss (#9)

(1) be **DENIED** as to plaintiff's Section 1983 claim against Sheriff Ashe in

his personal capacity;

(2) be **GRANTED** as to plaintiff's demand for punitive damages as against defendants in their official capacities, and **DENIED** as to plaintiff's claim for punitive damages in defendants' respective individual capacities; and

(3) references in the Amended Complaint to "*respondeat superior*," insofar as such relate to plaintiff's Section 1983 claim(s), be **STRICKEN** as impertinent.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: October 8, 2008

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge