IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

CIVIL CASE NO. 2:08cv016

| | |
|---|---|
| DUSTIN DILLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| SGT. JOHN FOX, Individually ) | |
| and as Deputy of the Jackson ) | |
| County Sheriff's Office; and ) | |
| JAMES M. ASHE, Individually ) | |
| and as Sheriff of Jackson ) | |
| County, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Magistrate Judge's Memorandum and Recommendation [Doc. 17], filed on October 8, 2008.

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, United States Magistrate Judge Dennis L. Howell was designated to consider the Defendants' Partial Motion to Dismiss [Doc. 9].

On October 8, 2008, the Magistrate Judge entered a Memorandum and Recommendation [Doc. 17], recommending that the Defendants'

Partial Motion to Dismiss [Doc. 9] be granted in part and denied in part. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within ten days of service of the same. The period within which to file objections has expired, and no written objections to the Memorandum and Recommendation have been filed.

After a careful review of the Magistrate Judge's Recommendation, the Court finds that the proposed findings of fact are supported by the record and that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's Recommendation [Doc. 17] that the Defendants' Partial Motion to Dismiss [Doc. 9] be granted in part and denied in part.

**IT IS, THEREFORE, ORDERED** that the Defendants' Partial Motion to Dismiss [Doc. 9] is **DENIED** as to Plaintiff's Section 1983 claim against Sheriff Ashe in his personal capacity; **GRANTED** as to Plaintiff's demand for punitive damages against the Defendants in their official capacities; and **DENIED** as to Plaintiff's claim for punitive damages against the Defendants in their individual capacities.

**IT IS FURTHER ORDERED** that references in the Amended Complaint [Doc. 7] to "*respondeat superior,*" insofar as such relate to Plaintiff's Section 1983 claims, are **STRICKEN** as impertinent.

**IT IS SO ORDERED.**

Signed: January 12, 2009

Martin Reidinger
United States District Judge